CSD 1160 [05/15/03]

Name, Address, Telephone No. & I.D. No.
Prober & Raphael, A Law Corporation
Cassandra J. Richey, Esq., #155721
David F. Makkabi, Esq., #249825
PO Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
(818) 227-0101 facsimile

Attorneys for Moving Party (F.040-1746)

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
YVONNE MARINO

Debtor.

BANKRUPTCY NO. 10-07904-LT7

U.S. BANK, N.A. SUCCESSOR IN INTEREST TO THE FDIC AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, FA

Moving Party

RS NO. DRP-1

YVONNE MARINO; LESLIE T. GLADSTONE, Trustee; BANK OF AMERICA, Second Lienholder,

Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☑ **REAL PROPERTY** ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☑ 7 ☐ 11 ☐ 12 ☐ 13 was filed on May 7, 2010.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*: LESLIE T. GLADSTONE

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
   Debtor has previously filed a Bankruptcy Petition on:__________________.
   If applicable, the prior case was dismissed on: _______________________.

   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on __________________ or a confirmation hearing is set for ______________________.

Movant alleges the following in support of its Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
   ***1488 Avocado Road, Oceanside, San Diego County, California***

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
   Single family residence

   c. Legal description of property is attached as Exhibit A.

d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

e. *Fair market value of property as set forth in the Debtor's schedules: $ 418,000.00.

f. *Nature of Debtor's interest in the property:
Owner

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

a. Fair market value of property as set forth in the Debtor's schedules: $________.

b. Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $ 418,000.00.

4. *Nature of Movant's interest in the property: First Lienholder

5. *Status of Movant's loan:
a. Balance owing on date of Motion for Relief: 518,707.78
b. Amount of monthly payment: $ 2,055.85
c. Date of last payment: 12/20/2009
d. If real property,
i. Date of default: 12/1/2009
ii. Notice of Default recorded on: 4/28/2010
iii. Notice of Sale published on: none published
iv. Foreclosure sale currently scheduled for: none scheduled
e. If personal property,
i. Pre-petition default: $________ No. of months:________
ii. Post-petition default: $________ No. of months:________

6. *(If Chapter 13 Case, state the following:)*
a. Date of post-petition default: ________
b. Amount of post-petition default: $________

7. Encumbrances:
a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: U.S. Bank, N.A. | 501,422.68 | 12,212.55 | 6 | 2,055.85 | 1 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 501,422.68 | $ 12,212.55 | | $ $2,055.85 | |

b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

8. Relief from the automatic stay should be granted because:

a. ☑ Movant's interest in the property described above is not adequately protected.

b. ☑ Debtor has no equity in the ☑ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or __________ days as ordered by this court) have passed since entry of the order for relief in this case, and

i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

ii. the Debtor/Trustee has

(1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

(2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

d. ☐ *Other cause exists as follows (*specify*): ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:
Note and Deed of Trust - attached to Declaration as Exhibit B
Debtor's Schedules A and D - attached to Declaration as Exhibit C

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☐ Other:

Dated: June 14, 2010

/s/ Cassandra J. Richey, Esq., #155721
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).